## John Ware *versus* Nathan Fowler.

In an action against an officer to recover damages occasioned by neglect of official duty, in omitting to serve and return an execution in favor of the plaintiff, the measure of damages is the amount of the injury actually sustained.

Where the officer arrested the debtor, who gave a poor debtor's bond, which was approved by two justices, and the debtor released, but neither the execution nor the bond was returned into the clerk's office, *it was held*, that the defendant might show, in mitigation of damages, that the obligors were insolvent and unable to pay the debt.

Case against the defendant, as late sheriff of this county, for the default of a deputy in omitting to collect and return an execution in favor of the plaintiff against one Raymond.

The execution was delivered to the deputy, who collected about one half of it by sale of the personal property of the debtor, and paid it over to the plaintiff. He then arrested the body of the debtor, who gave a poor debtor's bond, and was released. This bond was approved by two justices of the quorum, but neither the execution nor the bond was returned into the clerk's office at the return day thereof.

The defendant then proposed to introduce evidence to show, that both the debtor and the surety in the bond were poor, and wholly unable to pay the debt, from the time the bond was given until the commencement of the suit; and that since that time, one of them had died insolvent, and the other had remained destitute of property. The plaintiff objected to the admission of this evidence. Tenney J. presiding at the trial, admitted the evidence, and instructed the jury, that if they were satisfied from the evidence of such facts, they might return a verdict for the plaintiff, with damages from one cent to the whole amount of the balance of the execution and interest; and that without evidence of the inability of the obligors to make payment, the plaintiff was entitled to recover the whole amount due on his execution.

A verdict was returned for the plaintiff, and his damages were assessed at one dollar. If the rulings or instructions of the Judge were erroneous, a new trial was to be ordered.

*Hutchinson*, for the plaintiff, contended, that the testimony objected to at the trial was improperly admitted; and cited *Varrill* v. *Heald*, 2 Greenl. 91.

And that the instructions given to the jury by the presiding Judge were erroneous. *Simmons* v. *Bradford*, 15 Mass. R. 82; *Donelly* v. *Dunn*, 2 B. & P. 45.

*Leavitt*, for the defendant, said that it was settled law, that in a case of this description, such testimony was admissible in mitigation of damages. The plaintiff is entitled to nothing more than what he actually lost. *Varrill* v. *Heald*, 2 Greenl. 91; *Weld* v. *Bartlett*, 10 Mass. R. 470; *Nye* v. *Smith*, 11 Mass. R. 188; *Rice* v. *Hosmer*, 12 Mass. R. 127; *Dearborn* v. *Dearborn*, 15 Mass. R. 316.

The opinion of the Court was drawn up by

SHEPLEY J. — This is an action on the case against the former sheriff of this county, to recover damages for the neglect of official duty by a deputy, to return an execution and a bond taken on the liberation of one of the debtors, who had been arrested on that execution. The bond had been approved by two justices of the peace as required by law. The measure of damages in such cases is the injury actually sustained. Testimony tending to prove, that the plaintiff could not have suffered essential injury from that neglect of duty, was legally admitted. The cases relied upon by the counsel for the plaintiff are not analogous. In the case of *Simmons* v. *Bradford*, 15 Mass. R. 82, testimony offered to prove, that the deputy did not take a bail bond, was rejected, because it would contradict his return, stating that he had taken one. The proof in this case, that the bond was of no value, would not contradict the return of the deputy. He was not to judge of its sufficiency. That duty the law had confided to others; and the officer was not chargeable with their neglect or misconduct. The case of *Donelly* v. *Dunn*, 2 B. & P. 45, appears to have been decided on the ground, that the bankrupt only, and not his bail, could plead his certificate of discharge. That case differs from the present in principle. Its

authority has also been doubted.   *Olcott* v. *Lilly*, 4 Johns. R. 407.   A portion of the argument, if addressed to a jury to persuade them, that the plaintiff had suffered more than nominal damages, might be worthy of much consideration; but it was their appropriate duty to determine the amount of damages, and the accuracy of the conclusion is not presented by this report for the consideration of the Court.

<div align="right">

*Judgment on the verdict.*